## No. 189

## DAVIS, Dir. v. WEBBER

No. 19442. Supreme Court

On motion to order Mahoning Appeals to certify. Dock. Nov. 25, 1925; 3 Abs. 754.

**991. RAILROADS—When is employer engaged in interstate commerce so as to make applicable the Employers Liability Act?**

This action was brought under the Federal Employer's Liability Act by Fred Webber in the Mahoning Common Pleas against James C. Davis, as Director General and Agent of Railroads, for injuries alleged to have been received while Webber was acting in the capacity of head brakeman. Webber was favored with a verdict in the sum of $34,000.

It seems that Webber was injured while riding on the front foot board of his switch engine for the purpose of coupling to and removing three empty intrastate cars, when a plank extending out from under the freight platform caught his right leg between said plank and the front of the engine, by reason of which the alleged injuries were sustained.

The Court of Appeals affirmed the judgment of the Common Pleas on the verdict, and a motion to certify was filed in the Supreme Court in which numerous grounds of error are set forth.

The question arises as to whether at the time of his injury, Webber was engaged in interstate or intrastate commerce; and if found that he was engaged in the former the employer's liability act would apply. It is claimed specifically that Webber had failed to prove interstate commerce and that the motion for a directed verdict for the Director General should have been sustained.

It is contended that the fact that the yard crew had hauled three interstate cars from one town to another and after taking out three empty cars that were intrastate commerce they would place the interstate cars in on this track would not cause the crew to be engaged in interstate commerce at the time the accident occurred.

It is further contended that the true test as to whether an injured railway employee was engaged in interstate commerce at the time he received his injuries, so as to make applicable the employer's liability act, is the nature of the work he was doing at the time of the injury, and mere expectation that he would presently be called upon to perform a task in interstate commerce is not sufficient to bring the case within the act.

It is claimed that Webber was not engaged in interstate commerce at the time of the accident and is not entitled to recover unless proven that he was so engaged. The fact that the crew, it is urged, went in at the house track solely for the purpose of removing the three empty cars from that track so as to take same to a different town was not indication of being engaged in interstate commerce. This was the beginning of an intrastate movement purely and was an act exclusively and primarily of intrastate commerce.

It was claimed by Webber that there was negligence in failing to equip the locomotive with proper and suitable headlights. It is urged that the evidence undisputedly shows that the equipment was proper and sufficient and it utterly fails to sustain the allegation that the light was obscured by anything whatever and that it was not properly maintained.

Attorneys—Harrington, DeFord, Huxely & Smith, Youngstown for Davis; John Ruffalo, Youngstown & C. J. Wall, Cleveland, for Webber.